UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA ROGERS, et al.,<br><br>Defendants. | No. 2:18-cv-2681-JAM-EFB P<br><br><br><br>ORDER |

Plaintiff filed an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915, as well as an unsigned complaint.[1] ECF Nos. 1, 2.

Congress mandates that district courts engage in a preliminary screening of cases filed by litigants who are proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *Id*.

The court cannot conduct the required screening of plaintiff's complaint because plaintiff has not signed it. *See* ECF No. 1. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Because plaintiff did not sign the complaint (ECF No. 1), it will be disregarded. Within thirty days, plaintiff may file a complaint that is signed. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Failure to comply with this order may result in an order closing this case.

So ordered.

Dated: January 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE