UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARCIA ROGERS, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-2681-JAM-EFB PS<br><br><br><br>ORDER |

　　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

　　　　Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

The complaint alleges that plaintiff was incarcerated for 92 days after being falsely accused of violating the terms of his probation. ECF No. 4 at 2. Plaintiff claims that when he was released, the federal court ordered him to participate in counseling with defendant Marcia Rogers, an employee of defendant H.O.P.E. therapeutic services. *Id*. at 2, 8. He further alleges that Rogers shared his personal information with others and falsely stated he "would be going to prison for a very long time." *Id*. at 3, 7. Plaintiff also claims that he was "verbally assaulted by Rogers" and other participants in his group therapy. *Id*. at 4. The complaint asserts claims for violation of 18 U.S.C. §§ 242 and 249 and the Health Insurance Portability and Accountability Act ("HIPAA"). *Id*. at 1, 7-8.

1    Plaintiff's allegations fail to state a claim for relief.  He purports to allege claims against
2 defendants Diana Sarabia and Bethany Peterson, but the complaint contains no allegations
3 concerning these defendants.  Furthermore, plaintiff cannot state a claim under HIPAA or
4 sections 242 and 249 of Title 18 since these statutes do not provide for a private right of action.
5 *See, e.g., United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPAA does not provide
6 any private right of action."); *Banuelos v. Gabler*, 2018 WL 2328221, at * 3-4 (E.D. Cal. May 22,
7 2018) (holding that 18 U.S.C. § 242 does not provide for a private right of action); *Halousek v.*
8 *Souza*, 2019 WL 1953470, at *2 (E.D. Cal. May 2, 2019) (no private right of action under 18
9 U.S.C. § 249).

10   Accordingly, plaintiff's compliant must be dismissed for failure to state a claim.  Plaintiff
11 is granted leave to amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
12 (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any
13 deficiency in their complaints).  Any amended complaint must allege a cognizable legal theory
14 against a proper defendant and sufficient facts in support of that cognizable legal theory.  Should
15 plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the
16 allegations against each defendant and shall specify a basis for this court's subject matter
17 jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,
18 each limited as far as practicable to a single set of circumstances," as required by Federal Rule of
19 Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
20 left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
21 amended complaint shall also use clear headings to delineate each claim alleged and against
22 which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
23 clear facts that support each claim under each header.

24   Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
25 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
26 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
27 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
28 plaintiff files an amended complaint, the original no longer serves any function in the case.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4